Per Curiam.

Petitioner’s primary contention in this case is that he was denied a proper preliminary hearing, and thus the *318 trial court never obtained jurisdiction over Mm. Although petitioner admits to a preliminary hearing, he contends it was purely a sham.
The jurisdiction of the trial court arises from the return of the indictment and not from the preliminary hearing. Even if petitioner had been completely denied a preliminary hearing he would not be entitled to release. White v. Maxwell, Warden, 174 Ohio St., 186; and Crider v. Maxwell, Warden, 174 Ohio St., 190.
Petitioner urges also that he was denied his constitutional rights because the court did not appoint an attorney prior to his preliminary hearing. The failure to appoint counsel prior to the preliminary hearing does not deprive an accused of any constitutional rights. Dean v. Maxwell, Warden, 174 Ohio St., 193. The petitioner in the present case has been denied none of his constitutional rights.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.